IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVAN PATTERSON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil No. 3:16-CV-2395-L |
| | § | (Criminal No. 3:14-CR-378-L-01) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On August 17, 2016, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255. The Government filed a response in opposition, and Petitioner has filed a reply. Upon review of the relevant pleadings, record, and applicable law, and for the reasons that follow, the court **denies** the section 2255 motion.

**I.     Background**

Petitioner pled guilty to conspiring to traffic in counterfeit goods and was sentenced well below the calculated guidelines range to 24 months' imprisonment and a two-year term of supervised release, and was ordered to pay restitution in the amount of $27,670.07. Crim. Doc. 48. He did not file a direct appeal but, subsequently, filed this timely section 2255 motion asserting ineffective assistance of counsel at sentencing. Doc. 1. Specifically, Petitioner argues the infringement value (loss amount) erroneously included a double count of over $400,000 worth of counterfeit goods and counsel failed to consult with Petitioner about the infringement amount and object to it at sentencing. Doc. 1 at 6, 14. Petitioner also raises other challenges to the calculation of the infringement value, which he alleges counsel failed to present to the Court at sentencing – namely the use of market price to appraise the counterfeit items and the inclusion of "order inquiries" in the value. Doc. 1 at 15-20.

The Government acknowledges that: (1) the infringement value was inadvertently double counted, and (2) the correct infringement value should have been approximately $1.3 to $1.4 million (instead of $1.7 million), which would have resulted in a guidelines imprisonment range of 46 to 57 months, rather than 57-60 months. Doc. 12 at 5, 13-15. The Government, nevertheless opposes Petitioner's ineffective assistance claim, arguing that defense counsel was not constitutionally deficient for failing to discover the error and that Petitioner cannot show prejudice. Doc. 12 at 5-6. The Government also suggests an evidentiary hearing may be necessary to resolve these issues. The Government, however, opposes Petitioner's additional challenges to the calculated infringement value that he contends would have resulted in an even lower guidelines imprisonment range of 37 to 46 months. Doc. 12 at 14; Doc. 1 at 23.

Petitioner replies that as a result of the guidelines calculation error, he suffered "inherent harm" which was not "inconsequential," and that his "*Strickland* prejudice is neither illusory nor speculative, even if difficult to quantify." Doc. 16 at 1, 7. Petitioner avers, "Only Judge Lindsay knows what effect the false start had on the movant's en[dg]ame." Doc. 16 at 7; *see also* Doc. 1 at 25 ("This Court is the only one who can know whether Mr. Patterson suffered prejudice, because it is the one that decided on a sentence and granted a downward variance from what it erroneously was led to believe was a 57-60 month guidelines range."). Agreeing with this last contention and for the sake of judicial economy, the court **vacates** the referral of the case to the magistrate judge made pursuant to Special Order 3 and addresses the section 2255 motion, which is now ripe for review.

II.     Analysis

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106,

1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Petitioner contends that counsel rendered ineffective assistance at sentencing. To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. Indeed, if a determination as to the prejudice prong "is easier" and disposes of an ineffectiveness claim, then "that course should be followed." *Id.* at 698.

To prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of ineffective assistance of counsel at sentencing, a petitioner must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001); *see also United States v. Grammas*, 376 F.3d 433, 437-438 (5th Cir. 2004). As noted in *Glover*, "any amount of actual jail time has Sixth Amendment significance." 531 U.S. at 203.

Here, Petitioner cannot establish that counsel's alleged failure to object at sentencing prejudiced him. Even considering a revised guidelines range of 46-57 months, or even the lower range of 37-46 months that Petitioner argues would have resulted if all of his objections were

**Memorandum Opinion and Order – Page 3**

lodged and sustained, the undersigned would not have reduced Petitioner's sentence below 24 months, and definitely would not have considered probation. At sentencing, the court explained in detail its reasons for granting the significant downward variance and imposing a 24-month sentence as follows:

> The Court is tasked with coming up with a sentence that is fair, just, and reasonable in this case. The Court also takes into account paragraph (a)(1) of Section 3553, (a)(1) allows the Court to consider the history and characteristics of the Defendant. There are a number of things in that regard. As the record reflects, the type of conduct in which Mr. Patterson engaged went on for a number of years. In fact, it predates the time of the indictment. I think the indictment goes from January 2010 to December of 2013, approximately four years.
>
> As the Court stated earlier, there is an indication that Mr. Patterson was engaged in this type of conduct prior to the time of the indictment. In fact, there was a cease-and-desist letter. After that letter was issued, Mr. Patterson closed down the business.
>
> There are other things that the Court can look at. As the Court stated earlier, the 25 character letters. The Court mentioned that earlier. There is also a binder that chronicles Mr. Patterson's life. There are a number of things he has done right. He has acknowledged that he has made a mistake. Of course, when someone comes before me, I expect at a minimum that he or she acknowledge a mistake has been made because as far as I am concerned, when a person acknowledges until a person acknowledges that a mistake has been made, there really can be no road to recovery or any path of that person becoming a productive citizen. If a person is in denial, there is little hope that a person is going to have respect for our laws.
>
> The Court does note the fact that Mr. Patterson started a business while he -- while this case was pending. In other words, he realized he had done wrong and started a business, Mr. Sugar Rush. There are a number of reviews from customers concerning that business. The Court has also noticed Mr. Patterson's appearance here in the courtroom. He appears to be genuinely sorry and expressed remorse for what he has done wrong, and to me that all falls into the history and characteristics of the Defendant.
>
> Although, Mr. Patterson did not say it, but Mr. Weatherspoon did when the Court inquired about Mr. Kelvin Williams. Mr. Weatherspoon readily acknowledged that Mr. Williams and Mr. Patterson were equally responsible. There was no attempt to hide Mr. Patterson's involvement in the illegal conduct. The Court also notes the fact when people are young, sometimes they get off on the wrong track, and they make stupid decisions or silly mistakes that unfortunately will haunt them for the rest of their li[ves]. Whichever way the Court does, whether

it is a nonguidelines sentence or probation or guidelines sentence, the fact remains that Mr. Patterson will be a convicted felon and that is something he has to live with.

Frankly speaking, he also has to live with the fact that Mr. Williams committed suicide. Those are facts. I cannot unring the bell. The Court also brought up another point in discussing this type of case. This type of case, when you consider the loss amount and also cases involving drug amounts and cases that involve a lot add-ons and specifically child pornography cases, [you] often end up with a sentence that exceeds the statutory maximum, and the guideline range in this case exceeds the statutory maximum to an extent.

As the Court stated earlier, it recognized that this is or was a serious offense, but the Court also is concerned that the loss amount seems to be driving the guidelines, and while not minimizing what has taken place, the Court notes there is slightly over $27,000 in restitution, that is, [for] those who claim a monetary loss.

As the Court is also aware, as Mr. Stokes pointed out, when you have this type of illegal conduct, the value of the products, good will is lost and, frankly speaking, members of the public may be less inclined to trust those products, or they may question whether those products are the real thing, whether they are genuine or not.

The Court has also considered the factors of deterrence, seriousness of the offense, just punishment, protection of the public, and when the Court considers all of those factors, the Court does not believe that a guidelines sentence is necessary in this case. The Court does not believe that a guidelines sentence under the circumstances would be fair, just, and reasonable.

As the Court stated earlier, the guideline range is 57 to 60 months. I mentioned earlier that Mr. Morris—excuse me—Mr. Patterson has shown remorse, and the Court has been doing this for about 17 and a half years, and the Court has become pretty adept I would say in deciding whether someone is truly remorseful for his or her wrongdoing.

I think Mr. Patterson is remorseful for what has taken place. It took him a while to learn it. I do not think he will be engaged in this type of conduct in the future. He seems to have a good support system. I think that his sister and father and others close to him will let him know if he starts going astray with the law. The sentence that the Court intends to impose adequately addresses all of those factors under paragraph (a)(2) of Section 3553, that is, [the] sentence that the Court is going to impose will protect the public, serve as an adequate deterrent, reflect the seriousness of the offense, provide just punishment. And I will say this now. I know it will disappoint the family, but I do not think that a sentence of probation is appropriate under the circumstances, and reason I say that primarily is because the length of time that this took place.

> If we are talking about a few months or six months or perhaps even a year, probation may be appropriate. But here we had two situations whereby Mr. Patterson was put on notice after a cease-and-desist letter. The business closed down, and he stopped, then he started again. So as far as the Court is concerned, that does not bode well for him, and that does not justify a sentence of probation.
>
> While it does not justify a sentence of probation, the Court believes that a nonguidelines sentence in this case is fair, just, and reasonable for the reasons stated. The judgment of the Court is that Mr. Evan Patterson is hereby committed to the custody of the Federal Bureau of Prisons for a term of 24 months.

*See* Crim. Doc. 60 at 34-39. As the Court stated then, and concludes again now after consideration of all of those factors, a sentence of 24 months' imprisonment is fair, just and reasonable under the facts and circumstances of this case, even if the appropriate guidelines imprisonment range is as low as 37 to 46 months.

Based on the foregoing, Petitioner cannot establish a reasonable probability that, if his attorney had successfully objected on the grounds he raises in his section 2255, he would have received a lesser sentence and, thus, counsel's performance at sentencing prejudiced him. Accordingly, Petitioner's ineffective assistance of counsel claim fails.

### III. Conclusion

For the foregoing reasons, the court **denies** the motion to vacate sentence under 28 U.S.C. § 2255, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the court **denies a certificate of appealability**. The court accepts and incorporates by reference the above ruling in support of its finding that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition

states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**It is so ordered** this 31st day of May, 2017.

*[Signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge